IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

NFS HOLDINGS, INC.,

                Plaintiff,                Case No. 3:99 CV 7457

   -vs-

                                       MEMORANDUM   OPINION
IVAN TENNYSON, et al.,                     AND   ORDER

                Defendant.

KATZ, J.

      Before the Court is the motion of Plaintiff and memorandum in support of assessment of costs as a prevailing party. This Court previously dealt with the issue of prevailing party in its Memorandum Opinion and Order filed May 31, 2005. Defendant Ivan Tennyson has opposed the award of costs, contending that the Plaintiffs were not the prevailing parties.

      Clearly, the Plaintiffs did not get all requested, but they did receive a total award of over $726,000 and that award was upheld by the Sixth Circuit Court of Appeals on May 19, 2004. Therefore, the Plaintiffs are entitled to an award of costs.

      Costs as authorized by Rule 54 Federal Rules of Civil Procedure are defined in 28 U.S.C. § 1920 and include fees of the Clerk, fees of the court reporter for all or any party of the stenographic transcript necessarily obtained for use in the case, fees and disbursements for printing and witnesses, fees for exemplification and copies of papers necessarily obtained for use in the case, and docket fees under § 1923 of Title 18. Of the $155,319.58 of costs which have been claimed by the Plaintiffs, included have been a multiplicity of items clearly not permitted. The award of travel expenses, hotels and meals, expert

fees, long distance telephone expenses, Westlaw research assistance, and the like are simply not compensable and this Court cannot and will not award the same.

Attached to its motion for costs is an affidavit from the Plaintiffs' law firm's office administrator, Robert Sander, to which affidavit he has appended spread sheets reflecting costs incurred. The following items will not be awarded:

| | | |
|---|---|---|
| 12/17/1999 | Invoice from Edwin Ford, Mediator | 982.50 |
| 08/18/2000 | SIGCO | 6,375.00[1] |
| 03/30/2001 | Coley Investigations | 301.27 |
| 04/15/2000 | Dickinson and Gibbons, PA | 193.12 |
| 05/15/2001 | The Druid Company - Mediation | 1,265.00 |
| 08/01/2001 | H. J. Smart and Associates | 2,000.00[1] |
| 08/27/2001 | Max Dorfmeister & Co. | 3,280.00 |
| 08/15/2000 | Max Dorfmeister & Co. | 6,690.00 |
| 10/31/2001 | Max Dorfmeister & Co. | 10,000.00 |
| 08/31/2001 | Fuller & Henry - Expert | 11,063.68 |
| 05/31/2001 | John Berizzi - Expenses | 1,137.28[1] |
| 01/23/2002 | Marshall & Melhorn | 2,972.40[1] |
| 05/04/2001 | Sabre Leasing Associates, Inc. | 7,771.30 |
| 10/18/2000 | SIGCO | 625.00[1] |
| 04/09/2001 | Steve Lindsey - Airfare | 347.75 |
| | Airfare | 5, 453.73 (Total) |
| | Federal Express | 548.21 |
| | Hotels/Meals | 13,957.44 |
| | Long Distance | 1,642.32 |
| | Mileage | 843.60 |
| | Parking | 97.31 |
| | Rental Car | 2,234.98 |
| | Hotels | 1,066.39 |
| | Westlaw - Research | 2,078.37 |

---

[1](No delineation of what this amount represents)

2

   Total Deductions          $102,926.65

 As a result of the foregoing deductions, the Court will award $52,392.93 to the Plaintiffs as and for costs.

 IT IS SO ORDERED.

                 s/ *David A. Katz*
                 DAVID A. KATZ
                 SENIOR U. S. DISTRICT JUDGE